**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**vs.**                                                            **No. CIV 06-0404 LH/LCS**

**HOSKIE WALTER, SR.,**

**Defendant/Movant.**

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant's Motion to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed May 12, 2006.

(Doc. 1.)  Movant attacks the Sentence entered on May 24, 2005, in the case styled *USA v. Hoskie-*

*Walter*, CR 03-2073 LH, United States District Court for the District of New Mexico.  (Doc. 63,

03CR2073.)   The United States Magistrate Judge, having reviewed the Petition and having

considered the submissions of the parties, the record herein, relevant authorities, and being otherwise

fully advised, recommends that Movant's Motion be **DENIED.**

**I.      PROCEDURAL HISTORY**

1.      On October 17, 2003 a federal grand jury indictment was filed against Movant. (Doc.

1/03CR2073.)  The grand jury charged Movant with three counts. (*Id.*)  Each count consisted of

commission of a crime in Indian country under 18 U.S.C. § 1153 and aggravated sexual abuse under

18 U.S.C. § 2241(c) and 18 U.S.C. § 2246(2)(C) ("sexual act" defined). (*Id.*)

2.      On or about May 17, 2004, Movant entered into a plea agreement with the United

States. (Doc. 45, 03CR2073)  The agreement stated that Movant would plead guilty to one count

of an information to be filed charging violation of 18 U.S.C. § 1153 and 18 U.S.C. § 2244(a)(1). (*Id.*)

The agreement also stated that:

> [Movant] understands that the maximum penalty the Court can impose is:
> a.       imprisonment for a period of not more than ten years;
> . . . .
> c.       a mandatory term of supervised release of not more than three years that must follow any term of imprisonment.

(*Id.*)  Additionally, the agreement stated that:

> [Movant] is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. [Movant] knowingly waives the right to appeal any sentence within the maximum provided in the statute[s] of conviction (or the manner in which that sentence was determined) . . . .  [Movant] knowingly waives the right to appeal any sentence within the guidelines range applicable to the statute[s] of conviction as determined by the Court . . . .

(*Id.*)  Finally, the agreement stated that: "[Movant] agrees and represents that this plea of guilty is freely and voluntarily made . . . ." (*Id.*)  Movant signed the agreement, and it was filed with the court. (*Id.*)

3.       On May 24, 2005, the district court sentenced Movant to 97 months in prison and 3 years of supervised release. (Doc. 63, 03CR2073.)  On June 9, 2005, the district court entered judgment in Movant's case. (Doc. 64, 03CR2073.)  Movant did not appeal.

4.       On May 12, 2006, Movant filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)  Movant appears to argue that the portion of his sentence requiring supervised release is not permitted under the statute of conviction, and furthermore that imposition of supervised release violates his Constitutional right to protection against double jeopardy.

2

## II.     ANALYSIS

Movant is pro se, and the Court construes his arguments liberally.  *See Fogle v. Pierson*, 435
F.3d 1252, 1257 (10th Cir. 2006) (citing *Lamb v. Rizzo*, 391 F.3d 1133, 1135 n. 1 (10th Cir. 2004)).
Even so, the Court finds Movant's arguments extremely difficult to discern.  However, the gravamen
of Movant's § 2255 Motion appears to challenge his sentence to the extent that the sentence requires
supervised release.  I believe that Movant's challenge to the supervised release portion of his sentence
comes in two parts.  First, he claims that supervised release is not permitted by the statute under
which he was convicted.  Second, he claims that the sentence violates his constitutional right to
protection against double jeopardy.   Additionally, Movant appears to argue violation of "the
severance clause of the United States Constitution." (Docs. 7, 9.)

Title 28 U.S.C. § 2255 provides in pertinent part that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose
> such sentence, or that the sentence was in excess of the maximum
> authorized by law . . . may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.
> . . . .
> Unless the motion and the files and records of the case conclusively
> show that the prisoner is entitled to no relief, the court shall . . . grant
> a prompt hearing thereon, determine the issues and make findings of
> fact and conclusions of law with respect thereto.

*See also United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979)
(discussing the bases available to support collateral attack and noting that "the Court has held that
an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a
fundamental defect which inherently results in a complete miscarriage of justice.'") (quoting *Hill v.*

*United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417); *Steele v. United States*, 362

F.2d 536 (10th Cir. 1966) (reviewing a § 2255 attack on a sentence as unconstitutionally cruel and

unusual and noting sentence is within the maximum prescribed by statute).  Importantly, if the record

conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without

an evidentiary hearing.  28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.

1988) (citation omitted).  After reviewing the motions, files, and records of the case, I do find that

they conclusively show Movant is not entitled to relief.

### Movant's Claims That (1) Supervised Release Is Not Permitted By The Statute Under Which He Was Convicted, (2) Imposition of Supervised Release Violates His Constitutional Right To Protection Against Double Jeopardy, and (3) There Was A Violation Of The "Severance Clause Of The United States Constitution."

5.       All of Movant's contentions fail due to procedural default.  A defendant may not bring

a § 2255 motion "to test the legality of matters which should have been raised on direct appeal."

*United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d

1312, 1320 (10th Cir. 1993));*see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).

Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255

motion . . . ."  *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320).  Here, Movant pled guilty,

waived his right to appeal, and did not appeal.[1]  Therefore, his claims are subject to this procedural

bar.  The only way Movant can bypass this rule is to "show cause excusing his procedural default and

---

[1] Notably, Movant does not attack the validity of his guilty plea, and the Tenth Circuit has held that appeal waivers are generally enforceable.  *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) (A guilty plea  is valid if it is made on both a "voluntary" and "intelligent" basis; *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000) ("This circuit has held that '[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable.'") (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998)).

actual prejudice resulting from the errors of which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Movant is not claiming actual innocence, so his procedural default will not be excused on that ground.

6.      Nor does Movant allege any facts to show cause for not raising this issue on appeal.[2] Even if there were good cause, Movant cannot show prejudice because his claims would fail on the merits.

7.      Movant contends first that supervised release is not authorized by the statute under which he was convicted. Movant is technically correct. Title 18 U.S.C. § 2244(a)(1) provides that a violator "shall be fined . . . , imprisoned not more than ten years, or both." However, § 2244(a)(1) does not prohibit supervised release, and 18 U.S.C. § 3583(a) permits it. Title 18 U.S.C. § 3583(a) provides that:

> [t]he court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.

Additionally, the fact that any term of supervised release or potential imprisonment stemming therefrom might exceed the maximum imprisonment period allowed under 18 U.S.C. § 2244(a)(1)

---

[2] Movant does not contend that the waiver of his right to appeal in his guilty plea provides cause to excuse procedural default. However, even if he were to have made such an argument, it would fail. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (discussing a petition under § 2255, the court states "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994)); *United States v. Pipitone,* 67 F.3d 34 (2d Cir. 1995) (reviewing a § 2255 collateral attack for procedural default, finding no merit in movant's contention that his plea agreement prevented him from appealing.); *United States v. Jones*, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) ("Although [Movant's] plea agreement prevented him from appealing, this is not sufficient cause for his procedural default.").

is of no consequence.  *See United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995) ("in several appeals from original sentences courts have upheld the imposition of a term of supervised release in addition to a term of imprisonment over the objection that the potential for a period of imprisonment in excess of the statutory maximum was legally invalid, thus explicitly or implicitly endorsing the conclusion we reach here.") (citing *United States v. Jenkins*, 42 F.3d 1370 (11th Cir. 1995); *United States v. Watkins*, 14 F.3d 414, 415 (8th Cir. 1994); *United States v. Jamison*, 934 F.2d 371, 372-75 (D.C. Cir. 1991); *United States v. Montenegro-Rojo*, 908 F.2d 425, 431- 34 (9th Cir.1990); *United States v. Butler*, 895 F.2d 1016, 1017-18 (5th Cir.1989) *cert. denied*, 498 U.S. 826, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990)).  Thus, Movant's contention that supervised release is not permitted by the statute under which he was convicted, while technically correct, fails.

8.     Movant contends second that imposition of supervised release as part of his sentence violates his Constitutional right to protection against double jeopardy.  The Double Jeopardy Clause of the Fifth Amendment states that: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The constitutional protection against double jeopardy has been interpreted in multiple dimensions.  *See* 6 WAYNE R. LAFAVE, JEROLD H. ISRAEL & NANCY J. KING, CRIMINAL PROCEDURE § 25.1.  One of these dimensions is the protection "against multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).  However, as the Supreme Court stated in *Brown*:  "[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization . . . ."  *Id.* at 165.  Here, as previously discussed, Congress has authorized imposition of supervised release in addition to imprisonment.  *See* 18 U.S.C. § 3583(a).  And, again, it is of no consequence that the term of

6

supervised release or any potential imprisonment stemming therefrom, added to the term of imprisonment imposed based upon the statute of conviction, might exceed the maximum period of imprisonment authorized under the statute of conviction. *See Robinson*, 62 F.3d at 1285. Thus, Movant's contention that imposition of supervised release violates his Constitutional right to protection against double jeopardy is without merit.

9.     Lastly, Movant contends in his reply brief that: "[Movant's] arguments are . . . [centered] on the severance clause of the United States Constitution." After a careful review of the United States Constitution, as well as Supreme Court and federal courts of appeals case law, I am unable to find any authority regarding a "severance clause" to support Movant's position. Moreover, Movant has cited no authority providing this Court with any guidance. If what Movant means to argue is that Congress has no authority to impose supervised release, he is mistaken. *See Robinson*, 62 F.3d 1282.

## III.     RECOMMENDATION

10.     I recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review shall be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**